IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY CHARLES McDADE, | ) | 8:07CV215 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ANTHONY CHARLES McDADE, | ) | 8:07CV216 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ANTHONY CHARLES McDADE, | ) | 8:07CV217 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANTA CLARA COUNTY SUPERIOR COURT, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ANTHONY CHARLES McDADE, | ) | 8:07CV317 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAN LUIS OBISPO COUNTY | ) | |
| SUPERIOR COURT, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ANTHONY CHARLES McDADE, | ) | 8:07CV318 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HALL OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff recently filed five separate complaints in this court, two on June 4, 2007 (case nos. 8:07CV215 and 8:07CV217), one on June 5, 2007 (case no. 8:07CV216) and two on August 13, 2007 (case nos. 8:07CV317 and 8:07CV318). Plaintiff also filed motions to proceed *in forma pauperis* ("IFP") in each of these five matters.

The Prison Litigation Reform Act ("PLRA"), provides in pertinent part that a prisoner cannot:

> [B]ring a civil action ... or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was

>   dismissed on the grounds that it is frivolous, malicious, or fails to state
>   a claim upon which relief may be granted.

28 U.S.C.§ 1915(g). This provision is more commonly known as the "three strikes" provision of the PLRA. If a prisoner has exhausted his three strikes, he will be permitted to proceed IFP only if he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In addition, the court is required to review prisoner and IFP complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Thus, where a pro se plaintiff can prove no set of facts that would entitle him to relief, the complaint must be dismissed. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1967); *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002).

A review of the five complaints currently before the court shows that the five complaints are nearly identical. Each of the complaints seeks only monetary damages against several judges and lawyers based on those individuals' involvement in criminal prosecutions of Plaintiff. Therefore, the court has serious doubts regarding whether any of Plaintiff's five pending cases will survive initial review. The court is also concerned that Plaintiff may not understand the three strikes provision and its potential effects. Indeed, if Plaintiff's first three complaints are dismissed upon initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A, Plaintiff will not be able to proceed IFP in the remaining two cases without a showing of imminent danger.

With this in mind, on its own motion, the court will permit Plaintiff to voluntarily dismiss any of these complaints prior to ruling on Plaintiff's IFP motions

and conducting its initial review of these five cases. The court cautions Plaintiff that either voluntary dismissal or dismissal pursuant to initial review ***does not*** relieve Plaintiff from his obligation to pay the full filing fee in each of these five cases.

IT IS ORDERED that:

1. Plaintiff shall have 30 days from the date of this order in which to file a motion for voluntary dismissal in one or more of the following cases pending in this court: 8:07CV215, 8:07CV216, 8:07CV217, 8:07CV317 and 8:07CV318.

2. In the absence of a motion for voluntary dismissal, the court will rule on Plaintiff's motions to proceed IFP and will conduct an initial review in each of the following cases pending in this court: 8:07CV215, 8:07CV216, 8:07CV217, 8:07CV317 and 8:07CV318.

3. Nothing in this memorandum and order relieves Plaintiff from his obligation to pay the full filing fee of $350.00 in each of the following cases pending in this court: 8:07CV215, 8:07CV216, 8:07CV217, 8:07CV317 and 8:07CV318.

4. The Clerk of the court is directed to set a pro se case management deadline with the following text: October 15, 2007: deadline for Plaintiff to file a motion for voluntary dismissal.

5. The Clerk of the court is directed to file this memorandum and order in each of the five cases included in the caption of this memorandum and order.

September 14, 2007          BY THE COURT:

                                         s/ Joseph F. Bataillon
                                         Chief United States District Judge