IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY CHARLES MCDADE, | ) | 8:07CV217 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SANTA CLARA COUNTY | ) | |
| SUPERIOR COURT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on initial review of the complaint and for a determination of whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. As set forth below, the court finds that summary dismissal is appropriate because the complaint is frivolous and fails to state a claim upon which relief may be granted.

## I.   BACKGROUND

Plaintiff filed his complaint in this matter on June 4, 2007. (Filing No. 1.) Plaintiff also filed a motion to proceed *in forma pauperis* on June 4, 2007. (Filing No. 2.) On September 14, 2007, the court entered an order informing Plaintiff that it had "serious doubts regarding whether any of Plaintiff's five pending cases will survive initial review."[1] (Filing No. 9.) The court also informed Plaintiff of the "three strikes" provision and permitted Plaintiff to voluntarily dismiss any of his five pending complaints in order to avoid the effects of that provision. (*Id.*) Plaintiff has

---

[1] Plaintiff's five pending cases in this court include this case and case numbers: 8:07CV215, 8:07CV216, 8:07CV317 and 8:07CV318. Case No. 8:07CV215 was dismissed on December 4, 2007 and Case No. 8:07CV216 was dismissed on December 11, 2007 for the same reasons set forth in this memorandum and order.

not dismissed any of his complaints pursuant to that order, or taken any other action. Therefore, this matter is now subject to initial review.

## II.    INITIAL REVIEW OF COMPLAINT

### A.    Summary of Complaint

Plaintiff filed his complaint on June 4, 2007, naming only the Santa Clara County, California Superior Court as a Defendant. (Filing No. 1 at CM/ECF p. 2.) Plaintiff generally alleges that individuals in this entity engaged in a "conspiracy to hinder just due causes." (*Id.* at CM/ECF p. 5.) Although difficult to decipher, Plaintiff's claims appear to be related to an appeals court decision issued in 2000. (*Id.*) Plaintiff claims violations of the United States Constitution, including general violations of the Eighth and Fourteenth Amendments. (*Id.* at CM/ECF pp. 5-6.) Liberally construing the complaint, Plaintiff's specific allegations include allegations of "not processing Supreme Court papers," "having [Plaintiff] at risk which has resulted in false imprisonment," and "wrongful" processing of a court order by a "secretary that created a structural error."[2] (*Id.*)

Plaintiff states that he has experienced "liver disorder, skin cancer, enzyme/bacteria poisioning, tuberculosis, Hep-C, Degenerative Muscle Joint Disease, Diabetes milletes, kidney disease (cancer), and lung disorder" as a result of Defendant's conduct. (*Id.* at CM/ECF p. 7, spelling in original.) Plaintiff requests that the court "find just due causes" to award him a "settlement" and "$100,000,000.00 dollars" in damages. (*Id.)*

---

[2]Although Plaintiff's complaint includes two pages of allegations, most of the allegations are indecipherable.

### B.  **Applicable Legal Standards on Initial Review**

The court is required to review prisoner and *in forma pauperis* complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. An *in forma pauperis* complaint is subject to dismissal with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim if it appears beyond doubt that the plaintiff cannot prove any set of facts which would entitle him to relief. *Goodroad v. Bloomberg*, No. 97-2091, 1997 WL 633078, *1 (8th Cir. 1997)(affirming dismissal of pro se prisoner complaint with prejudice upon review under 28 U.S.C. § 1915(e)(2)(B)(ii)(citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (applying Fed.R.Civ.P.12(b)(6) standard of review to section 1915(e)(2)(B)(ii) dismissal) and *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (applying Rule 12(b)(6) standard of review)).

A pro se complaint should be construed liberally. *See Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, whether filed by a represented plaintiff or a pro se plaintiff, a complaint must allege facts sufficient to state a claim as a matter of law. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799 (8th Cir. 2006). "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced. Pro se litigants must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stringer*, 446 F.3d at 802 (internal citations and quotation marks omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### C. Discussion of Claims

The court has carefully reviewed the complaint. As set forth above, almost all of Plaintiff's allegations are indecipherable. Nowhere in the complaint does Plaintiff allege that he was deprived of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Rather, Plaintiff's complaint generally refers to the United States Constitution but does not include "sufficient facts to support the claims advanced." *Stringer*, 446 F.3d at 802.

In addition, the specific allegations which the court can decipher do not support a claim under the United States Constitution or any federal statute. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, Plaintiff's claims are dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(i), Plaintiff's complaint is dismissed with prejudice as frivolous and because it fails to state a claim upon which relief can be granted.

2. A separate judgment will be entered in accordance with this memorandum and order.

December 12, 2007.         BY THE COURT:


                           s/ Joseph F. Bataillon
                           Chief United States District Judge